MEMORANDUM **
Jisuo Han, a native and citizen of China, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency’s denial on the basis of an adverse credibility finding and will uphold the agency’s decision unless the evidence compels a contrary conclusion. Singh v. Ashcroft, 362 F.3d 1164, 1168 (9th Cir.2004). We deny in part and grant in part the petition for review.
The agency denied Han’s asylum application claim as time barred. Han does not challenge this finding in his opening brief. Accordingly, we deny the petition as to Han’s asylum claim.
Substantial evidence does not support the agency’s denial of Han’s withholding of removal and CAT claims on the basis of an adverse credibility determination. See Kaur v. Ashcroft, 379 F.3d 876, 884-90 (9th Cir.2004). The IJ impermissibly engaged in speculation and conjecture regarding: (1) Han’s ability to exit China using a passport; (2) the hospital’s assistance of Han’s wife; (3) the Chinese government’s delay in fining the couple; and (4) the quality of Han’s treatment in a military hospital following his assault by a van. See id. at 886-87.
Furthermore, Han’s testimony that he was hit by a van is not inconsistent with the statement in his hospital discharge certificate that he was injured in a traffic accident. See Paramasamy v. Ashcroft, 295 F.3d 1047, 1052-54 (9th Cir.2002). The agency also erroneously relied on the asylum officer’s interview notes, which were not sufficiently reliable to impeach Han’s testimony. See Singh v. Gonzales, 403 F.3d 1081, 1087-90 (9th Cir.2005). Inconsistencies cited by the agency with his asylum application regarding how many months he stayed in the hospital following his coma, whether his wife still owes family planning officials part or all of the fine for violation of their policies, and when Han was told the amount of the fine, are minor and do not go to the heart of his claim. See id. at 1090-92. Finally, because none of the agency’s adverse credibility findings are supported, Han was not required to provide corroboration. See Kaur, 379 F.3d at 890.
We deny as moot Han’s motions to hold this petition for review in abeyance, to refer this petition for review to mediation, and to consolidate with petition for review No. 09-71157. Han’s motion to refer petition for review No. 09-71157 to mediation will be addressed by separate order.
We grant the petition for review with respect to the withholding of removal and CAT claims, and remand to the BIA on an open record. See Soto-Olarte v. Holder, 555 F.3d 1089, 1093-96 (9th Cir.2009); see also INS v. Ventura, 537 U.S. 12, 16, 123 *291 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).
The government shall bear the costs for this petition for review.
PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.
ORDER
Respondent’s petition for panel rehearing is granted in part.
The memorandum disposition issued on June 30, 2009, is hereby withdrawn. A replacement disposition shall issue concurrently with this order.
No further petitions for rehearing will be entertained in this closed case.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.